# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA WARREN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-7622 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| SHIRE PHARMACEUTICALS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Shire Pharmaceuticals, LLC's ("Shire") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement pursuant to Rule 12(e). For the reasons set forth below, the Court grants the Rule 12(b)(6) motion to dismiss [8]. The complaint is dismissed without prejudice. Plaintiff may file an amended complaint by January 4, 2019, if she can state a claim in compliance with the Federal Rules of Civil Procedure.

## BACKGROUND

On October 11, 2018, *pro se* plaintiff Sandra Warren filed suit in the Circuit Court of Lake County, Illinois, alleging a claim of workplace discrimination. Plaintiff seeks damages from Shire in the amount of $1,000,000. On November 16, 2018, Shire removed the action to this Court and later filed a motion to dismiss for failure to state a claim upon which relief may be granted, or, alternatively, for a more definite statement.

## STANDARD

The purpose of a Rule 12(b) motion to dismiss is to test the sufficiency of the complaint, not decide the merits of the case. *Derfus v. City of Chi.*, 42 F. Supp. 3d 888, 893 (7th Cir. 2014).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). "A document filed *pro se* is to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017).

## **DISCUSSION**

Shire moves to dismiss, arguing that plaintiff's one-sentence complaint is insufficient for Shire to reasonably defend itself. The Court agrees. Plaintiff has filed a one-sentence Complaint against Shire, stating that she is "seeking damages from Shire Pharmaceuticals in the amount of $1,000,000 for workplace discrimination." (Dkt. 1, pg. 9.) Nowhere in her Complaint does plaintiff state when or how she was allegedly subject to workplace discrimination. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement of the claim showing she is entitled to relief and a demand for the relief sought. *See* Fed. R. Civ. P. 8. In other words, Rule 8 requires plaintiff to explain the wrong Shire has allegedly done to her, and what plaintiff wants the Court to do about it, as briefly as possible but also in enough detail to "present a story that holds together." *Swanson*, 614 F.3d at 404. The Court is mindful that it

must give plaintiff leeway as a *pro se* litigant, but plaintiff must state enough facts to provide Shire with fair notice of a plausible claim to relief. To do so, plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Id*.

Because plaintiff's allegations do not meet the requirements of Rule 8, the Court grants Shire's motion to dismiss, and this case is dismissed without prejudice. Plaintiff may file an amended complaint containing a short and plain description of the grounds for this lawsuit, including specific factual details sufficient to meet the standard described above, by January 4, 2019.

## CONCLUSION

For the reasons stated above, defendant Shire's Rule 12(b)(6) motion to dismiss is granted. This case is dismissed without prejudice.

**SO ORDERED.**                               **ENTERED: December 4, 2018**

                                                                          **HON. JORGE ALONSO**
                                                                          **United States District Judge**